```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: May 13, 2026
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

FAUSTO MEDARDO BARBECHO-LLIVISACA,

                          Petitioner,

            -v.-

KENNETH GENALO, et al.,

                          Respondents.

26 Civ. 03349 (JHR)

MEMORANDUM OPINION &
ORDER

JENNIFER H. REARDEN, District Judge:

On April 23, 2026, Petitioner Fausto Medardo Barbecho-Llivisaca filed a petition for a writ of habeas corpus (the "Petition") pursuant to 28 U.S.C. § 2241. *See* ECF No. 1. That same day, the Court directed the parties to appear for a case management conference on April 30, 2026 and to file a joint letter, by no later than April 27, 2026, "stating whether the conference is necessary and addressing how the Court should handle this petition." ECF No. 3. At the parties' request, *see* ECF No. 5, the Court cancelled the conference and extended the deadline to file the joint letter to May 5, 2026. *See* ECF No. 6. The Court granted the Petition on May 7, 2026. *See* ECF No. 11. This Memorandum Opinion & Order sets forth the context and bases for that ruling.

## I.    BACKGROUND

On April 28, 2026, the Second Circuit issued its decision in *Barbosa Da Cunha v. Freden*, --- F.4th ---, 2026 WL 1146044 (2d Cir. 2026), which held, as relevant here, that "Section 1225(b)(2)(A) does not apply to . . . noncitizens, who are present in the United States after entering the country without inspection and admission, and who were not apprehended while entering the country or shortly thereafter." Instead, according to *Da Cunha*, Section 1226(a) "governs detention of [such] noncitizens." *Id*. at *2. The parties "agree[d] that this case falls squarely within *Barbosa Da Cunha*" and that "there is no question that Petitioner's

detention can only be governed by 8 U.S.C. § 1226."[1]  ECF No. 7.  They differed, however, with respect to the appropriate remedy.   Petitioner contended "that the Court should . . . order Petitioner's release," while Respondents "argue[d] that the Court should require Petitioner to exhaust his administrative remedies at a bond hearing before an immigration judge."  *Id.*

## II.    DISCUSSION

Section 1226(a) provides that, for a noncitizen who is "arrested and detained" "[o]n a warrant issued by the Attorney General," the Attorney General (1) "may continue to detain" the arrested noncitizen, (2) "may release" the noncitizen on "bond," or (3) "may release" the noncitizen on "conditional parole."  8 U.S.C. §§ 1226(a)(1)-(2).  Given that "the parties agree[d] that "[Petitioner] falls under § 1226(a)," ECF No. 7, and that, "[u]nder § 1226(a), a noncitizen is entitled to an individualized bond hearing at the outset of detention to assess danger and flight risk," *Romero v. Francis*, No. 25 Civ. 8112 (JGK), 2025 WL 3110459, at *3 (S.D.N.Y. Nov. 6, 2025), the Court ordered that Respondents provide Petitioner with "a bond hearing before an Immigration Judge pursuant to 8 U.S.C. § 1226(a)." *Sun v. Almodovar*, No. 25 Civ. 9262 (PKC), 2025 WL 3241268, at *2 (S.D.N.Y. Nov. 20, 2025).  *See, e.g., Barbakadze v. Flanagan*, No. 25 Civ. 10182 (JGK), 2025 WL 3719620, at *2 (S.D.N.Y. Dec. 23, 2025) ("To the extent that [petitioner] requests immediate release before this Court, that request is denied."); *Da Cunha v. Freden*, No. 25 Civ. 6532 (MAV), 2025 WL 3280575, at *7 (W.D.N.Y. Nov. 25, 2025) ("find[ing]," on October 20, 2025, "that Petitioner was detained under § 1226(a)" on September

---

[1] "Having reviewed the Petition, the materials filed in support thereof, and the Government's response, the Court f[ound] that the Petition 'present[ed] only issues of law,' and it [could], therefore, be adjudicated without a hearing." *Perez Velasquez v. Noem*, No. 25 Civ. 10338 (AT), 2025 WL 3707526, at *1 n.1 (S.D.N.Y. Dec. 22, 2025) (quoting 28 U.S.C. § 2243); *see also* 28 U.S.C. § 2243 (directing courts to dispose of habeas petitions expeditiously, "as law and justice require").

2

26, 2025 and, "[a]s such, [that] he [wa]s entitled to a bond hearing at the outset of detention as established by existing federal regulations" (internal citations omitted)), *aff'd*, 2026 WL 1146044 (2d Cir. Apr. 28, 2026); *Sun*, 2025 WL 3241268, at *2 (ordering, on November 20, 2025, that petitioner, who had been detained since November 5, 2025, was entitled to a bond hearing); *Romero*, 2025 WL 3110459, at *3 (ordering, on November 6, 2025, that petitioner, who had been detained since September 25, 2025, was entitled to a bond hearing). "While [28 U.S.C.] § 2241 does not include a statutory exhaustion requirement, district courts in this Circuit have recognized such a requirement as a prudential matter before immigration detention may be challenged in federal court by a writ of habeas corpus." *Michalski v. Decker*, 279 F. Supp. 3d 487, 495 (S.D.N.Y. 2018) (denying, on January 4, 2018, habeas petition filed on December 7, 2017 that challenged detention dating to October 31, 2017, where a bond hearing was scheduled for January 5, 2018); *see Barbakadze*, 2025 WL 3719620, at *2 (holding, on December 23, 2025, that petitioner, who had been in custody since December 8, 2025, "must first exhaust available remedies in his immigration proceedings," and ordering a bond hearing).

### III.   CONCLUSION

For the foregoing reasons, the Court granted the Petition. Respondents were ordered to cause an individualized bond hearing for Petitioner to be conducted before an Immigration Judge pursuant to 8 U.S.C. § 1226(a) by Tuesday, May 12, 2026.[2] *See*, *e.g.*, *Sun*, 2025 WL 3241268, at *3 (ordering, after petitioner had been detained for fifteen days, that an "individualized bond hearing . . . be conducted . . . within six (6) business days"); *Barbakadze*, 2025 WL 3719620, at *2 (ordering, after petitioner had been detained for fifteen days, "a bond hearing . . . within seven

---

[2] As previously noted, *supra* at 1, the Court granted the Petition and issued this directive to Respondents on May 7, 2026. *See* ECF No. 10 (noting that "[a]n opinion setting forth the reasons for this ruling w[ould] issue shortly.")

(7) days"); *Wang v. Genalo*, No. 25 Civ. 9460 (JGK), 2025 WL 3471222, at *1 (S.D.N.Y. Dec. 3, 2025) (ordering, after petitioner had been detained for twenty-one days, "a bond hearing . . . within seven (7) days"); *Da Cunha*, 2025 WL 3280575, at *7 (ordering, after petitioner had been detained for twenty-four days, "a bond hearing . . . within ten (10) days"); *cf. Xiaoquan Chen v. Almodovar*, No. 25-3169, ECF No. 49.1 (2d Cir. May 6, 2026) (ordering, after petitioner had been detained for approximately seven months, *see Chen v. Almodovar*, 815 F. Supp. 3d 314, 317 (S.D.N.Y. 2025), "that Petitioner be released . . . pending disposition of his appeal").

"At the hearing, the Government [was directed to] bear the burden to prove, by clear and convincing evidence, that the petitioner is a danger to the community or a risk of flight." *See, e.g.*, *Wang*, 2025 WL 3471222, at *1; *Velasco Lopez v. Decker*, 978 F.3d 842, 856-57 (2d Cir. 2020) (upholding order "requiring the Government to prove that [petitioner] is a danger to the community or a flight risk by clear and convincing evidence to justify his continued detention").

The Court also ordered that, if no hearing was held within the designated time period, then Respondents should immediately transport Petitioner back to the Southern District of New York, no later than Wednesday, May 13, 2026, and, immediately upon effectuating his transfer, release him from custody. Respondents were further directed to inform counsel for Petitioner as to the expected time and place of Petitioner's release, if any, and to certify compliance with the Court's Order by May 13, 2026.

SO ORDERED.

Dated: May 13, 2026
New York, New York

_____
JENNIFER H. REARDEN
United States District Judge

4